**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 10-177-02 |
| v. | : | |
| RICHARD GOODE | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.** **JANUARY 4, 2016**

Presently before the Court is the *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") filed by Richard Goode ("Goode"), and the Government's Response thereto.[1] Upon consideration of the parties' respective filings, the § 2255 Motion is denied.

## I. BACKGROUND

On December 13, 2010, Goode pleaded guilty to the following: one count of possession with intent to distribute cocaine, a Schedule II controlled substance, in or near a school zone, in violation of 21 U.S.C. §§ 84l(a)(I) and 860; one count of possession with intent to distribute heroin, a Schedule II controlled substance, in or near a school zone, in violation of 21 U.S.C. §§ 841(a)(l) and 860; and one count of possession with intent to distribute cocaine base ("crack"), a Schedule II controlled substance, in or near a school zone, in violation of Title 21 U.S.C. §§ 841(a)(l) and 860.

On March 11, 2011, this Court imposed a sentence of imprisonment of 210 months, and other penalties. This sentence was determined based on the advisory guideline range of 210-262

[1] Since Goode is acting *pro se*, I will "hold his documents to a less stringent standard than those drafted by attorneys." United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002).

months based on Goode's status as a career offender, under United States Sentencing Guideline ("USSG") § 4B1.1. Goode's sentence was enhanced under § 4B1.1 based on two prior state convictions for the manufacture and delivery of controlled substances. (Doc. No. 77.) Goode appealed his convictions and sentence. The United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed on July 2, 2012. See United States v. Goode, 486 F. App'x 261 (3d Cir. 2012). On November 27, 2015, Goode filed the instant § 2255 Motion seeking relief under the recent United States Supreme Court decision in United States v. Johnson, 135 S. Ct. 2551, 2563 (2015).[2] (Doc. No. 106.) The Government filed its Response to the Motion on December 9, 2015. (Doc. No. 107.)

## II. DISCUSSION

A prisoner in federal custody may bring a collateral challenge to his conviction or sentence by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). A petitioner may bring a claim within one year of a Supreme Court decision that recognizes a new right that is applicable to the petitioner's case. See § 2255(f)(3). However, the newly recognized right must apply retroactively to cases on collateral review. Id.

In Johnson, the Supreme Court held that a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S. Ct. at 2563. The ACCA allows for enhanced sentencing for criminal defendants who have at least three previous convictions for a "violent felony" or "serious drug offense." The defendant in Johnson had a qualifying previous conviction for the possession of a sawed-off shotgun that had a barrel shorter than allowed by law. Id. at 2556. The government claimed that this conviction was a violent felony because it fell under the residual clause of the ACCA's definition of violent felony. Id.

[2] This is Petitioner's first motion pursuant to § 2255.

The residual clause defined violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held "that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The residual clause violates due process because the clause is unconstitutionally vague as it "denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557. However, the Court limited its holding by stating: "Today's decision does not call into question application of the Act [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. at 2563.

Usually, this Court would have to perform a threshold inquiry into whether the Johnson case applies retroactively to the case before us. This is a complex and difficult analysis that was not addressed by the Supreme Court in Johnson and has resulted in a circuit split on the issue.[3] However, this Court does not need to delve into that intricate question in the present matter because even assuming Johnson applies retroactively to this case, Goode will still not be entitled to relief.

Goode was sentenced as a career offender under USSG § 4B1.1. Under the sentencing guidelines, a career offender's status may rest on prior controlled substance offenses or crimes of violence, and the definition of "crimes of violence" includes a residual clause identical to that in ACCA, which the Supreme Court struck down in Johnson. USSG § 4B1.2(a)(1).

[3] Compare Price v. United States, 795 F.3d 731, 732 (7th Cir. 2015) (applying Johnson retroactively), with In re Rivero, 797 F.3d 986, 988 (11th Cir. 2015) (holding that Johnson does not apply retroactively), and In re Gieswein, No. 15–6138, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (denying application for leave to file a second or successive § 2255 motion based on Johnson).

Assuming that Johnson applies to § 4B1.1, it has no relevance to this case because Goode admits himself that his sentence was enhanced based on two prior convictions for controlled substance offenses. (Petitioner's Mot. at 5.) The constitutionality of the residual clause of § 4B1.1 is admittedly in question after the Johnson ruling.[4] However, that clause was not used in any way in the sentencing of Goode. The USSG's "controlled substance offense" clause reads:

> The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§ 4B1.2(b). The USSG's residual clause only applies to the "crimes of violence" clause, which reads:

> The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--(1) **has as an element the use, attempted use, or threatened use of physical force against the person of another**, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 4B1.2(a) (emphasis added).

Thus, Johnson is inapplicable because Goode's sentence was enhanced under the "controlled substance offense" clause of § 4B1.1, and not the "crimes of violence" clause of the guidelines to which the residual clause exclusively applies. See Littles v. Purdue, No. 1:15–cv–1534, 2015 WL 4727029, at *2 (M.D. Pa. Aug. 10, 2015) (denying petition for a writ of habeas corpus because "the Johnson case is strictly limited to the unconstitutionality of the residual clause," which was not an issue because petitioner was convicted under the enumerated offense clause of § 4B1.1); Washington v. United States, No. 2:14–cv–13603, 2015 WL 7450418, at *2

[4] See United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015) (holding the residual clause of USSG § 4B1.2(a) as unconstitutionally vague).

n.2 (S.D. W. Va. Oct. 8, 2015) (noting that petitioner's sentence under § 4B1.1 "was increased under the career-offender guideline because he had two prior felony convictions for controlled substance offenses, not because he had any prior 'crime of violence' convictions . . . . As such, Johnson has no impact on Washington's [petitioner's] career-offender designation under the guidelines.").

## III. CONCLUSION

Goode's reliance on Johnson is misplaced because, even if this Court excised the residual clause from § 4B1.1, he would still have qualified for the same sentence he received since his qualifying convictions were for controlled substance offenses and not "crimes of violence."

An appropriate Order follows.